

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25ᵗʰ Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   BMG MUSIC; UMG RECORDINGS, INC.; SONY
7  BMG MUSIC ENTERTAINMENT; CAPITOL
   RECORDS, INC.; ATLANTIC RECORDING
8  CORPORATION; and ELEKTRA
9  ENTERTAINMENT GROUP INC.

*E-filing*

*SEP 2 0 2007*

10                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
11
                    C07-04882    EDL
12

13  BMG MUSIC, a New York general partnership;    | CASE NO.
    UMG RECORDINGS, INC., a Delaware              |
14  corporation; SONY BMG MUSIC                   | **COMPLAINT FOR COPYRIGHT**  ADR
15  ENTERTAINMENT, a Delaware general             | **INFRINGEMENT**
    partnership; CAPITOL RECORDS, INC., a         |
16  Delaware corporation; ATLANTIC                |
17  RECORDING CORPORATION, a Delaware             |
    corporation; and ELEKTRA                      |
18  ENTERTAINMENT GROUP INC., a Delaware          |
    corporation,                                  |
19                  Plaintiffs,
20
           v.
21
22  JOHN DOE,
                    Defendant.
23

24
25
26
27
28

Complaint for Copyright Infringement
Case No.
#32616 v1

1    **JURISDICTION AND VENUE**

2    1.    This is a civil action seeking damages and injunctive relief for copyright infringement

3    under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

4    2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal

5    question); and 28 U.S.C. § 1338(a) (copyright).

6    3.    Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the

7    true identity of Defendant John Doe ("Defendant") is unknown to Plaintiffs at this time, on

8    information and belief, Defendant may be found in this District and/or a substantial part of the acts

9    of infringement complained of herein occurred in this District. On information and belief, personal

10    jurisdiction in this District is proper because Defendant, without consent or permission of the

11    copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by

12    Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the

13    United States, including this one. In addition, Defendant contracted with an Internet Service

14    Provider ("ISP") found in this District to provide Defendant with the access to the Internet which

15    facilitated Defendant's infringing activities.

16    **PARTIES**

17    4.    Plaintiff BMG Music is a general partnership duly organized and existing under the

18    laws of the State of New York, with its principal place of business in the State of New York.

19    5.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the

20    laws of the State of Delaware, with its principal place of business in the State of California.

21    6.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general

22    partnership, with its principal place of business in the State of New York.

23    7.    Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the

24    laws of the State of Delaware, with its principal place of business in the State of New York.

25    8.    Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing

26    under the laws of the State of Delaware, with its principal place of business in the State of New

27    York.

28

1

Complaint for Copyright Infringement
Case No.
#32616 v1

1    9.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and
2    existing under the laws of the State of Delaware, with its principal place of business in the State of
3    New York.

4    10.    The true name and capacity of Defendant are unknown to Plaintiffs at this time.
5    Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant
6    by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs
7    believe that information obtained in discovery will lead to the identification of Defendant's true
8    name.

9    ## COUNT I

10    ## INFRINGEMENT OF COPYRIGHTS

11    11.    Plaintiffs incorporate herein by this reference each and every allegation contained in
12    each paragraph above.

13    12.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of
14    exclusive rights under United States copyright law with respect to certain copyrighted sound
15    recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this
16    Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted
17    Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright
18    Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of
19    Exhibit A.

20    13.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the
21    exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted
22    Recordings to the public.

23    14.    Plaintiffs are informed and believe that Defendant, without the permission or consent
24    of Plaintiffs, has continuously used, and continues to use, an online media distribution system to
25    download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies
26    the IP address with the date and time of capture and a list of copyrighted recordings that Defendant
27    has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.
28    Through his or her continuous and ongoing acts of downloading and/or distributing to the public the

2

Complaint for Copyright Infringement
Case No.
#32616 v1

1    Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and
2    distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive
3    rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are
4    informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously
5    downloaded and/or distributed to the public additional sound recordings owned by or exclusively
6    licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of
7    infringement are ongoing. Exhibit A includes the currently-known total number of audio files being
8    distributed by Defendant.)

9    15.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
10    each respective album cover of each of the sound recordings identified in Exhibit A. These notices
11    of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
12    These published copies were widely available, and each of the published copies of the sound
13    recordings identified in Exhibit A was accessible by Defendant.

14    16.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
15    willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

16    17.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
17    under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against
18    Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to
19    their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20    18.    The conduct of Defendant is causing and, unless enjoined and restrained by this
21    Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
22    or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
23    and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
24    Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound
25    recordings made in violation of Plaintiffs' exclusive rights.

26
27
28

3

Complaint for Copyright Infringement
Case No.
#32616 v1

1    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

2        1.    For an injunction providing:

3    "Defendant shall be and hereby is enjoined from directly or indirectly
     infringing Plaintiffs' rights under federal or state law in the
4    Copyrighted Recordings and any sound recording, whether now in
     existence or later created, that is owned or controlled by Plaintiffs (or
5    any parent, subsidiary, or affiliate record label of Plaintiffs)
     ("Plaintiffs' Recordings"), including without limitation by using the
6    Internet or any online media distribution system to reproduce (*i.e.,*
     download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload)
7    any of Plaintiffs' Recordings, except pursuant to a lawful license or
     with the express authority of Plaintiffs. Defendant also shall destroy
8    all copies of Plaintiffs' Recordings that Defendant has downloaded
     onto any computer hard drive or server without Plaintiffs'
9    authorization and shall destroy all copies of those downloaded
     recordings transferred onto any physical medium or device in
10   Defendant's possession, custody, or control."

11       2.    For statutory damages for each infringement of each Copyrighted Recording

12   pursuant to 17 U.S.C. § 504.

13       3.    For Plaintiffs' costs in this action.

14       4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

15       5.    For such other and further relief as the Court may deem just and proper.

16   Dated: September 20, 2007                     HOLME ROBERTS & OWEN LLP

17

18                                          By: _____

19                                             MATTHEW FRANKLIN JAKSA
                                               Attorney for Plaintiffs
20                                             BMG MUSIC; UMG RECORDINGS,
                                               INC.; SONY BMG MUSIC
21                                             ENTERTAINMENT; CAPITOL
                                               RECORDS, INC.; ATLANTIC
22                                             RECORDING CORPORATION; and
                                               ELEKTRA ENTERTAINMENT GROUP
23                                             INC.

24

25

26

27

28

                                        4

**EXHIBIT A**

## EXHIBIT A

## JOHN DOE

**IP Address:** 207.62.146.100 2007-04-23 19:57:03 EDT          **CASE ID#** 126527767

**P2P Network:** Gnutella                                        **Total Audio Files:** 552

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| BMG Music | Dave Matthews Band | If I Had It All | Everyday | 300-313 |
| BMG Music | Mario | Just a Friend | Mario | 318-136 |
| UMG Recordings, Inc. | Guns N Roses | Paradise City | Appetite for Destruction | 85-358 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | I Miss You | Make Yourself | 278-818 |
| Capitol Records, Inc. | Norah Jones | Don't Know Why | Come Away With Me | 320-120 |
| Capitol Records, Inc. | Everclear | Brown Eyed Girl | Songs from an American Movie - Vol. I, Learning How to Smile | 284-811 |
| UMG Recordings, Inc. | Patsy Cline | Crazy | Heartaches | 80-467 |
| Atlantic Recording Corporation | Matchbox 20 | Long Day | Yourself or Someone Like You | 227-755 |
| Elektra Entertainment Group Inc. | Keith Sweat | Nobody | Keith Sweat | 226-496 |