ORIGINAL

FILED
2007 SEP 20 PM 4:52
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   BMG MUSIC; UMG RECORDINGS, INC.; SONY
7  BMG MUSIC ENTERTAINMENT; CAPITOL
   RECORDS, INC.; ATLANTIC RECORDING
8  CORPORATION; and ELEKTRA
   ENTERTAINMENT GROUP INC.
9

10             UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
11

12
13  BMG MUSIC, a New York general partnership;    CASE NO.
    UMG RECORDINGS, INC., a Delaware
14  corporation; SONY BMG MUSIC                    **EX PARTE APPLICATION FOR LEAVE
    ENTERTAINMENT, a Delaware general              TO TAKE IMMEDIATE DISCOVERY**
15  partnership; CAPITOL RECORDS, INC., a
16  Delaware corporation; ATLANTIC
    RECORDING CORPORATION, a Delaware
17  corporation; and ELEKTRA
18  ENTERTAINMENT GROUP INC., a Delaware
    corporation,
19                    Plaintiffs,
20       v.
21
22  JOHN DOE,
                      Defendant.
23
24
25
26
27
28

1  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe ("Defendant"), who is being sued for direct copyright infringement.

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
BMG MUSIC; UMG RECORDINGS, INC.;
SONY BMG MUSIC ENTERTAINMENT;
CAPITOL RECORDS, INC.; ATLANTIC
RECORDING CORPORATION; and ELEKTRA
ENTERTAINMENT GROUP INC.